## WHIPP *v.* WHIPP.

In a libel for divorce by husband against wife, certain facts respecting the purchase of land by the wife in her own name, which tended to show a resulting trust thereto in the husband, were set forth, and the prayer was for a divorce; and that the libellee be decreed to relinquish said land to the libellant or a trustee for the support and education of certain minor children of the parties. *Held*, that the libel might be amended by striking out that part relating to the equitable title to the land, and a hearing thereon be had on the questions of divorce and provision for the children out of the estate in controversy.

LIBEL for divorce.

Charles A. Whipp, of Northumberland, in said county, the husband of Sarah E. Whipp, of said Northumberland, respectfully libels and gives this honorable court to be informed, that he was lawfully married to the said Sarah E. Whipp, to wit, at Saco, in the state of Maine, September 19, 1853, by Elias Libby, a minister of the gospel; that the libellant and libellee have ever since that date lived together, and have had four children, to wit, Ivory R., who is nineteen years of age, Frank D., who is seventeen years of age, and Charles C., who is fifteen years of age; that the libellant and libellee have both lived at said Northumberland for the past thirteen years, and now live in said town; that the libellant since their intermarriage has always behaved himself as a faithful, chaste, and affectionate husband towards the said Sarah E. Whipp, but that the said Sarah E. Whipp, wholly regardless of her marriage covenants and duty, on divers days and times since the said intermarriage, to wit, on January 18, 1874, at said Northumberland, has committed the crime of adultery with divers lewd men, to wit, with one Phineas Stark, of said Northumberland, and with divers other lewd men whose names to the libellant are unknown; that on or about January 1, 1864, while the libellant was away in the army, the said Sarah E. made a purchase of a piece of land situated in said Northumberland, and described as follows:    *    *    and the purchase-money for said premises has been paid by the libellant; and the libellee, without the knowledge or assent of the libellant, procured a deed of said premises, to be executed by John Eames to the said Sarah E. Whipp, dated April 19, 1869, and has caused said deed to be recorded in the record of said county; that the said premises are worth about nine hundred dollars, and that is all the property that the libellant is worth; that said libellee represents and claims that she can hold said premises as her own property, and that she shall sell and convey away the same: wherefore the libellant prays that he may be divorced from the bonds of matrimony between himself and his said wife; that said premises may be decreed to him, and that the libellee may be ordered to relinquish the same to the libellant, or a trustee to be appointed by this court

for the maintenance and education of said minor children; that the custody and education of said four children may be committed and entrusted to the libellant. The libellee demurred, and assigned the following causes : (1) Said libel is multifarious ; (2) that said court, sitting for the purpose of hearing and determining a libel for divorce, will not exercise chancery powers ; and (3) that said libel seeks the granting of a divorce to the libellant, and the enforcement of a resulting trust in chancery, which matters the court will not take jurisdiction of in the same proceeding. The court, having granted a continuance of the cause before demurrer on the ground of the absence of material witnesses, transfers the question whether, by virtue of an allowance to the libellee or otherwise (there being no evidence of her inability to defend the suit without such allowance), costs can be taxed against the libellant as terms for such continuance.

*Burns & Heywood,* for the libellant.

*G. A. Bingham* and *Aldrich,* for the libellee.

Ladd, J. "In all cases where there shall be a decree of divorce or nullity, the court shall make such further decree in relation to the maintenance, education, and custody of the children as shall be most conducive to their benefit, and may order a reasonable provision for their support to be made out of the estate of the guilty party." Gen. Stats., ch. 163, sec. 11. Section 13 of the same chapter provides that the court may order the property to be conveyed, or the money to be paid to a trustee to invest the same, and apply the income thereof to the maintenance and education of the minor children, &c. There can be no doubt but that this statute authorizes provision to be made for minor children out of the estate of the mother in case she is the guilty party, as well as out of the estate of the father in case he is the guilty party.

The allegations in this libel, with respect to the land purchased by Mrs. Whipp, seem to be framed more with a view to the equitable relief sought by the libellant against the libellee, than to securing a reasonable provision for the support of the children. The prayer, however, is alternative in form ; "that said premises may be decreed to him, &c., or a trustee to be appointed by the court for the maintenance and education of said minor children." This would seem to be a sufficient, though not very formal, prayer upon which to found a decree making provision for the support of the minor children out of the estate of the wife, if a case for such a decree should be made out at the hearing.

The position of the defendant is, that the libel should be dismissed, because it seeks both the granting of a divorce and the enforcement of a resulting trust in favor of the libellant. The plaintiff denies that the facts alleged, with respect to the purchase and holding of the land by Mrs. Whipp, are sufficient to create a resulting trust as between husband and wife ; and now, as we understand his position, asks that a provision for the children be made out of the estate of their mother.

He says the facts set forth in the bill are not alleged for the purpose of raising a resulting trust in favor of the husband, but as a reason why the prayer of the petition, in relation to the property, should be granted. This is, perhaps, a little equivocal, inasmuch as the prayer with respect to the property is alternative, that the libellee shall relinquish it to the libellant *or* to a trustee, &c., and no ground is suggested, upon which the equitable relief contemplated in the first clause could be granted, except that of a resulting trust. The powers of this court, in reference to the custody, maintenance, and education of children in divorce cases, are wholly conferred by statute. No such power resided in the English ecclesiastical tribunals, and it is not derived at all from the general equity jurisdiction and powers of the court. How far, and under what circumstances, if at all, a court having both general equity powers and general jurisdiction in the matter of divorce may, upon a libel for divorce, grant equitable relief with respect to the property of the parties, when some such relief seems necessary to secure a suitable provision for the children, &c., we do not now inquire, because we are agreed that this libel shows no case for such interference in any view. It will be time enough for the libellant to look after his equitable interest in the property when it is seen what portion of it, if anything, is devoted to the support of the children. The hearing is not to be complicated, therefore, with questions as to whether the equitable interest in the land is in the father or the mother of the children. That part of the libel which has reference to the husband's rights in the land may be struck out or disregarded at the trial as surplusage ; and, inasmuch as the libellant prays that the property, whoever may be its equitable owner, be devoted to the maintenance, &c., of the minor children, the judge at the hearing may make such decree as to a provision for the children out of the same as may be reasonable, in case the libellee be found the guilty party.

It is not the practice in this state to allow costs to either party in proceedings for divorce. A reasonable allowance to the wife, to enable her to maintain her defence, is made, upon evidence showing her want of means and that she has a good defence. No such proof was produced here, and we think no ground is shown for any order as to terms for the continuance.